Huang v. Lynch

BIA
Hom, IJ
A087 737 207

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand sixteen.

PRESENT:
>
> DENNIS JACOBS,
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges.*

_____

YING YING HUANG,
>    *Petitioner,*

>    v.                                                14-4206
>                                                     NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Theodore N. Cox, New York, New York. |
| **FOR RESPONDENT:** | Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ying Ying Huang, a native and citizen of People's Republic of China, seeks review of an October 17, 2014, decision of the BIA affirming an October 16, 2012, decision of an Immigration Judge ("IJ") denying Huang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ying Ying Huang,* No. A087 737 207 (B.I.A. Oct. 17, 2014), *aff'g* No. A087 737 207 (Immig. Ct. N.Y. City Oct. 16, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

Substantial evidence supports the agency's determination that Huang failed to establish a well-founded fear of harm at the hand of smugglers in China. Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, 8 C.F.R. § 1208.13(b)(2), which must be both subjectively credible and objectively reasonable, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To demonstrate a well-founded fear, an applicant must show either a reasonable possibility that she would be singled out for persecution or that the country of removal has a pattern or practice of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii).

As the agency concluded, Huang's fear of harm was speculative given that she and her family have not been contacted, much less threatened, by smugglers since they paid the fee for Huang's entry to the United States. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . , [an applicant's] fear is speculative at best."). Huang's failure to demonstrate that her fear of harm was objectively reasonable is dispositive of asylum, withholding of removal, and CAT relief because all three

3

claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative bases for denial of asylum and withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Furthermore, the IJ did not abuse his discretion in declining to admit Huang's late-filed evidence because she was given more than one year to file it and the evidence pre-dated the filing deadline. Huang argues that the IJ should have extended the August 2012 deadline because she did not present her new basis for asylum (fear of smugglers) until July 2012. This argument is disingenuous. She did not argue this point to the IJ. And, regardless of when she amended her application to present this new claim, she knew of the bases for it as early as July 2010 and thus had more than two years to gather and timely submit background evidence.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

4

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk